**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Jeremy J. Quinn, Jr.,** ) | **CASE NO. 3:09 CV 546** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| vs. ) | |
| ) | |
| **Ohio Department of Rehabilitation and** ) | **Memorandum of Opinion and Order** |
| **Corrections,** ) | |
| Respondent. ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. 15). For the following reasons, the Report and Recommendation is REJECTED IN PART and ACCEPTED IN PART.

Petitioner, Jeremy J. Quinn, Jr.**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Court grant a conditional writ on Ground One, remand the case for resentencing, and dismiss Grounds Two, Three, Four, and Five with

1

prejudice. Petitioner filed Objections to the Report and Recommendation with regard to the Magistrate Judge's recommendation on Grounds Two through Five. Respondent filed Objections with respect to Ground One.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

A jury found petitioner guilty of one count of kidnapping and six counts of rape. The trial court sentenced petitioner to ten years on each count, to be served consecutively, for a total period of incarceration of 70 years. Petitioner asserts five grounds for relief.

The Magistrate Judge recommended granting a conditional writ on Ground One and remanding the case for resentencing. In essence, petitioner asserted in Ground One a *Blakely* violation. The Magistrate Judge found that this claim was not procedurally barred. He proceeded to find a *Blakely* violation. As summarized by the Magistrate Judge,

> Prior to Petitioner's initial sentencing, the U.S. Supreme Court decided *Apprendi* and held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. [*Apprendi v. New Jersey*, 530 U.S. 466 (2000)]. Also prior to Petitioner's initial sentencing, the U.S. Supreme Court decided *Blakely v. Washington,* 124 S.Ct. 2531 (2004), [which] held that the statutory maximum for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, and not the maximum sentence a judge may impose after finding additional facts.
>
> At the time Petitioner was convicted, the Ohio Revised Code allowed for a sentence of three to ten years for felonies of the first degree (Counts One through Seven in

2

[petitioner's] case). O.R.C. §§ 2929.14(A)(1). However, the Revised Code further provided that:

(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925 of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

(C) Except as provided in division (D)(7), (D)(8), (G), or (L) of this section, in section 2919.25 of the Revised Code, or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.

O.R.C. § 2929.14(B), (C) (West 2004). On February 27, 2006, the Supreme Court of Ohio consolidated four criminal cases in an opinion styled *State v. Foster* and held, *inter alia*, that R.C.§ 2929.14(B) and (C) were unconstitutional because they "require[d] judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." [*State v. Foster*, 109 Ohio St.3d 1 (2006)]. The Supreme Court of Ohio went on to remedy the error by severing the unconstitutional mandatory judicial factfinding provisions:

> [R]eferences to mandatory judicial fact-finding properly may be eliminated in the four areas of concern. Without the mandatory judicial fact-finding, there is nothing to suggest a "presumptive term." To explain Ohio's "statutory maximum" for purposes of *Apprendi* and its progeny, the maximum prison term authorized by the jury verdict or the facts admitted by a defendant upon acceptance of a plea is the top of the sentencing range for the crime of which the defendant is convicted. For example, if the offender is convicted of a first-degree felony, the "statutory maximum" is ten years under R.C. 2929.14(A)(1).

3

*Id*. at 497.  (Doc. 15 at 12-13).

The Magistrate Judge determined that petitioner was sentenced under pre-*Foster* statutes which violated *Blakely*, i.e., the trial court applied O.R.C.§ 2929.14(C) to enhance petitioner's sentence.  In particular, the trial court made judicially mandated findings of fact that had not been admitted by petitioner when he determined that petitioner had committed "the worst form of the offense."  Petitioner was sentenced to the longest prison term, ten years, on each count.  On this basis, the Magistrate Judge concluded that petitioner must be resentenced in a manner consistent with *Blakely*.  The Magistrate Judge further found that petitioner's consecutive sentences based upon mandated judicial fact finding did not violate *Blakely* pursuant to the holding of *Oregon v. Ice,* 129 S.Ct. 711 (2009).  Given that petitioner had committed discrete acts, such are punishable by consecutive sentences under the authority of *Ice*.  Notwithstanding, the Magistrate recommended that because the sentences underlying the consecutive sentences violated *Blakely,* the entire judgment entry should be vacated.

Respondent objects on four bases: 1) there was no *Blakely* error, 2) any *Blakely* error that occurred was harmless, 3) the consecutive sentences should not be undone, and 4) petitioner waived his *Blakely* claim. For the following reasons, this Court agrees that there was no *Blakely* error and the consecutive sentences should not be undone.  In doing so, the Court declines to address the remaining bases of objection.

As reiterated by respondent, *Blakely* clarified *Apprendi* to state:

Our precedents make clear ... that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant... In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

4

*Blakely*, 542 U.S. at 303 (internal citations and other quotations omitted). Respondent disagrees with the Magistrate Judge's determination that the trial court violated *Blakely* by applying O.R.C. § 2929.14 and making judicially mandated findings of fact that had not been admitted by petitioner when the trial court found that he had committed the worst form of the offense. For the following reasons, this Court agrees with respondent.

The trial court imposed a maximum ten year sentence for each of the six rape counts and the kidnapping conviction. As pointed out by respondent, however, the sentencing judge determined that petitioner committed the worst form of the offense because he "committed ... six rapes, multiple rapes in a period of time." (Sentencing Transcript at 26) The jury had returned verdicts finding petitioner guilty of committing six rapes. On this basis, respondent contends and the Court agrees, the trial court imposed its maximum sentence *solely on the basis of the facts reflected in the jury verdict* as permitted by *Blakely*. Therefore, there was no *Blakely* error. As reflected in the sentencing transcript, the trial court also relied heavily on petitioner's extensive criminal history in imposing maximum sentences. The court's reliance on the criminal history falls under the *prior conviction* exception to judicial fact finding and, again, does not violate *Apprendi* or *Blakely*. *See Brooks v. Eberlin*, 2008 Wl 5455383 (N.D. Ohio Dec. 31, 2008). Because there was no *Blakely* violation, petitioner need not be resentenced and the Court rejects the Report and Recommendation as to Ground One.

The Magistrate Judge also determined that while the imposition of the consecutive sentences did not violate *Blakley,* the entire judgment entry should be vacated due to the other *Blakely* violation. Because the Court finds no underlying *Blakely* violation and agrees that the consecutive sentences do not violate *Blakely,* the Court rejects this portion of the Report

5

and Recommendation as to Ground One as well.

For these reasons, the Court finds that Ground One is without merit.

The Magistrate Judge further determined that the remaining grounds should be rejected.  Petitioner objects.

The Magistrate Judge found Grounds Two through Five to be procedurally defaulted. Petitioner agrees they are defaulted but asserts that ineffective counsel excuses the default. As he did in his briefing before the Magistrate Judge, however, petitioner argues the merits of the underlying ineffective assistance of counsel and fails to establish cause for his default.  The Court agrees with the findings of the Magistrate Judge and incorporates the Report and Recommendation as to Grounds Two through Five herein.

**Conclusion**

For the foregoing reasons, the Report and Recommendation is rejected as to Ground One and accepted as to Grounds Two through Five. The Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.


  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/7/10